**LESOWITZ GEBELIN LLP**
Scott M. Lesowitz (SBN 261759)
scott@lawbylg.com
8383 Wilshire Boulevard, Suite 800
Beverly Hills, CA 90211
Telephone: (310) 341-3076
Facsimile: (310) 341-3070

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANDRA "FU" DEBROSSE ZIMMERMANN and DICELLO LEVITT LLC,<br><br>Plaintiffs,<br><br>V.<br><br>LEADCLIENT, INC.; SELECT JUSTICE, LLC; AAL MEDIA, LLC; JUSTICE HERE, LLC; INVENTIVE SOLUTIONS, LLC; AND JONATHAN GOTTFRIED,<br><br>Defendants.<br><br>LEADCLIENT, INC.; SELECT JUSTICE, LLC; AAL MEDIA, LLC; JUSTICE HERE, LLC; INVENTIVE SOLUTIONS, LLC; AND JONATHAN GOTTFRIED;<br><br>Third-Party Plaintiffs,<br><br>V.<br><br>SQUAREWAVE DIGITAL LLC,<br><br>Third-Party Defendants | Case No. 3:23-cv-00581-AGS-SBC<br><br>**LEADCLIENT, INC.; SELECT JUSTICE, LLC; AAL MEDIA, LLC; JUSTICE HERE, LLC; INVENTIVE SOLUTIONS, LLC; AND JONATHAN GOTTFRIED'S THIRD-PARTY COMPLAINT AGAINST SQUAREWAVE DIGITAL LLC FOR:**<br>**(1) EXPRESS INDEMNITY**<br>**(2) EQUITABLE INDEMNITY**<br><br>**DEMAND FOR JURY TRIAL** |

The Defendants in this case, namely LEADCLIENT, INC.; SELECT JUSTICE, LLC; AAL MEDIA, LLC; JUSTICE HERE, LLC; INVENTIVE SOLUTIONS, LLC; AND JONATHAN GOTTFRIED (COLLECTIVELY, “Defendants” or “Third-Party Plaintiffs”), pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, hereby file this Third-Party Complaint against SQUAREWAVE DIGITAL LLC (“SquareWave”), and allege as follows.

**THE PARTIES**

1. Plaintiff Diandra “Fu” Debrosse Zimmerman alleges in the Complaint that she is a resident of Alabama.

2. Plaintiff DiCello Levitt LLC alleges in the Complaint that it is a law firm with offices in Alabama, Illinois, Ohio, New York, California, and Washington, D.C.

3. LeadClient, Inc., is a Delaware corporation licensed to do business in California with its principal place of business in San Diego County, California.

4. Select Justice, LLC, is a California limited liability company with its principal place of business in San Diego County, California.

5. AAL Media, LLC, is a California limited liability company with its principal place of business in San Diego County, California.

6. Justice Here, LLC, is a California limited liability company with its principal place of business in San Diego County, California.

7. Inventive Solutions, LLC, is a Wyoming limited liability company with its principal place of business in Wyoming.

8. Jonathan Gottfried is an individual.

9. Per its filing with the California Secretary of State, Third-Party Defendant SquareWave Digital LLC is a California limited liability company with its principal place of business in San Diego County, California.

## THE COMPLAINT

10. In the Complaint, one or both Plaintiffs are suing each of Leadclient, Inc., Select Justice, LLC, AAL Media, LLC, Justice Here, LLC, Inventive Solutions, LLC, and Jonathan Gottfried for/under: (1) Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125, (2) Violation of California Right of Publicity Law, Cal. Civ. Code§ 3344, (3) Violation of Alabama Right of Publicity Law, AL Code §§ 6- 57-770 to 774, (4) the California Common Law Right of Publicity, (5) Violation of California Unfair Competition Law, and (6) Conspiracy.

11. The gist of the Complaint is that (a) Defendants collectively operate a network of lead generation websites and social media accounts in which they attract clients for attorneys, and (b) Defendants used Plaintiff Diandra "Fu" Debrosse Zimmerman's name, image, and likeness in advertisements without her knowledge or consent.

## FACTS GIVING RISE TO THE THIRD-PARTY COMPLAINT

12. If Plaintiff Diandra "Fu" Debrosse Zimmerman's name, image, or likeness appeared on any website or social media accounts that Defendants own, operate, or are responsible for in any way, Defendants had nothing to do with it. Instead, it would be the fault of SquareWave. Similarly, if any rights of either Plaintiff was violated, it was solely the fault of SquareWave and was done without the knowledge or consent of Third-Party Plaintiffs who would have disapproved of the advertisements.

13. SquareWave was paid to perform the work to create and run advertisements on certain of Defendants' websites and social media accounts. For example, on or about December 8, 2022, SquareWave invoiced Transitive Media, LLC, $5,000 for "Media Services" for "Fee on $50,000 Ad Spend 8/1 – 10/31." Transitive Media, LLC, is a separate but related entity to Defendants. The invoiced was paid and the payment was for SquareWave's agreement for such "Media Services" work for Defendants, not just Transitive Media, LLC.

14. Defendants and Transitive Media, LLC, rightfully and reasonably expected that SquareWave would not run any advertisements that would infringe anyone else's intellectual property rights or anyone's name, image, and likeness rights or anyone's privacy rights. Defendants and Transitive Media, LLC, expected that SquareWave would not use the name or likeness of any person without first obtaining that person's express permission.

15. Defendants conveyed all these expectations to SquareWave. SquareWave understood and agreed to abide by the expectations.

16. SquareWave portrays itself as an experienced online marketing company and knew, and certainly should have known, the applicable legal obligations in terms of intellectual property rights, privacy rights, and name, image, and likeness rights.

17. To the degree that any online advertisements were run with the name, image, and/or likeness of Plaintiff Diandra "Fu" Debrosse Zimmerman as alleged in the Complaint, SquareWave created and ran the advertisements on its own without Defendants' or Transitive Media, LLC's knowledge or consent. SquareWave did not obtain their approval to run any such advertisements despite being required to do so under the terms of their relationship.

## FIRST CAUSE OF ACTION

### Express Indemnity

### (All Third-Party Plaintiffs against SquareWave)

18. SquareWave entered into a contract with Defendants and/or Transitive Media, LLC, to provide digital media services to Defendants and Transitive Media, LLC, and create and run online advertisements for them. If the contract was not with Defendants directly, they were third-party beneficiaries. As part of this agreement, SquareWave agreed that all such advertisements would only contain text and images that did not violate any other person or entity's intellectual property rights (including copyrights), rights to privacy, and name, image, and likeness rights.

SquareWave also agreed to obtain Third-Party Plaintiffs' approval before running advertisements.

19. Despite this, assuming that Plaintiffs' allegations are true that advertisements featuring images of them (or that they own) without permission, SquareWave was fully responsible for the creation and running of such advertisements and ran them without the knowledge or consent of Third-Party Plaintiffs.

20. Any damages that might be assessed against Defendants/Third-Party Plaintiffs are the fault of SquareWave, and SquareWave is responsible for those damages.

## SECOND CAUSE OF ACTION

### Equitable Indemnity

### (All Third-Party Plaintiffs against SquareWave)

21. Defendants and/or Transitive Media, LLC, hired SquareWave to provide digital media services to Defendants and Transitive Media, LLC, and create and run online advertisements for them.

22. Assuming that Plaintiffs' allegations are true that advertisements featuring images of them (or that they own) without permission, SquareWave was fully responsible for the creation and running of such advertisements and ran them without the knowledge or consent of Third-Party Plaintiffs.

23. Any damages that might be assessed against Defendant/Third-Party Plaintiffs are the fault of SquareWave, and SquareWave is equitably responsible for those damages.

## PRAYER FOR RELIEF

Wherefore Third-Party Plaintiffs pray for judgment against SquareWave as follows:

a. That SquareWave pay them damages in the amount of at least $5,000,000;

b. For damages in the amount of any judgment that the Plaintiffs may obtain against Third-Party Plaintiffs;

c. For damages in the amount of a proportionate share of liability as determined by the Court;

d. Pre- and post-judgment interest to the degree allowed by law;

e. That Third-Party Plaintiffs be awarded their costs of suit incurred in defense of this action and reasonable attorney's fees to the degree allowed by law; and

f. For such other and further relief as the Court deems proper.

**JURY DEMAND**

Third-Party Plaintiffs request a jury on all issues so triable.

Dated: April 22, 2024

LESOWITZ GEBELIN LLP
/s/ *Scott Lesowitz*
By: Scott Lesowitz
Attorney and Partner
Counsel for Defendants